UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALICE HICKS,

    Plaintiff,

v.

ROGER KUULA et. al.,

    Defendant.

Case No. 05-5137 FDB

ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT OF DEFAULT

This matter is before the Court on the motion of Plaintiff for an entry and order of default against Defendants for failure to defend pursuant to Fed. R. Civ. Pro. 55. Having considered the motion, opposition, and the balance of the record, the Court finds for the reasons set forth herein, that Plaintiff's motion for default shall be **DENIED**.

I.

Plaintiff alleges violations of the Internal Revenue Codes; Americans with Disabilities Act; and housing[1]. On March 16, 2005, the Court granted Plaintiff's request to proceed in forma pauperis. The Court further granted Plaintiff's request for service without payment. On April 19, 2005, the waiver of service of summons forms were mailed to Defendants instructing Defendants to

---

[1] The Court takes no position at this time as to whether Plaintiff has stated a cause of action.

ORDER - 1

return the forms within thirty days.  Receiving no response, Plaintiff filed a motion for default for failure to defend and answer on June 6, 2005.  Notwithstanding Defendants objection to the absence of proper service, Defendants provided an answer to the complaint on June 8, 2005.   On June 13, 2005, the Court denied Plaintiff's motion for default for reasons that an answer had been provided.  To address Defendant's assertion of improper service, on June 22, 2005, the Court issued an order to show cause as to why costs for service should not be appropriated to Defendants for their failure to accept waiver of service of summons.  Defendants responded and informed the Court that waiver of service was accepted and mailed two days prior.  Accordingly, the Court did not assess costs for personal service.  Plaintiff now requests an entry of default for Defendant's seventy day delay of returning the waiver of service forms.

II.

It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.  See Fed. R. Civ. P. 55(a) (requiring entry of default when a defendant "has failed to plead or otherwise defend as provided by the rules"); *Maryland State Firemen's Association v. Chaves,* 166 F.R.D. 353 (D.C. Maryland 1996)(invalid clerk's entry of default was set aside when court determined service of process was improper); *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 685 (N.D. Iowa 1995)(where it appears that plaintiffs "have never properly served the defendants,... neither entry of default nor entry of default judgment would be proper").

III.

Defendants were under no obligation to accept the request of waiver of formal process. If a defendant receives mail service, but chooses not to respond, the plaintiff must effect personal service. *Young v. Mt. Hawleys Ins. Co.,* 864 F.2d 81, 82-83 (8th Cir. 1988).  The Defendant's actual notice of the lawsuit does not eliminate this requirement.  Instead, Defendant's penalty for declining to return the acknowledgment and waiver form is that defendant may be required to pay the additional costs of

ORDER - 2

procuring service by alternate means. *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir. 1991). Plaintiff seems to insist that the penalty for declining to return the acknowledgment and waiver form increase from incurring possible costs of service to the issuance of a stiffer penalty of default. The Court declines to do so. Notwithstanding Defendants' delayed response and return of the waiver form, an answer was not required until personal service was effectuated. Accordingly, Plaintiff is not entitled to an entry and judgment of default.

ACCORDINGLY,

IT IS ORDERED:

(1)   Plaintiff's motion for an entry and judgment of default (dkt. #35) is **DENIED.**

DATED this 3rd day of August, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3