UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALICE HICKS,

    Plaintiff,

v.

ROGER KUULA and AMERICAN PROPERTY MANAGEMENT, INC.,

    Defendants.

Case No. C05-5137FDB

ORDER OF DISMISSAL AND DENIAL OF PENDING MOTIONS

    Plaintiff Hicks resides in the Mountain View Apartments, which are managed by Defendant American Property Management, of which Defendant Roger Kuula is the President. Plaintiff's Complaint alleges that she has complained to her landlord, American Property Management, Inc. about, smoke fumes, residue and chemical fumes coming into her apartment from the apartment above, that the tenants above throw trash and chemicals around her deck door, that hazardous waste material is poured down the upstairs tenant's drain and causes back-up in her drain, and that someone is making drugs in the upstairs apartment. Plaintiff asserts that Defendants have ignored her complaints. She asserts that she is disabled, is on Supplemental Security Income Payments, and is in low income housing and that Defendants have violated her rights under these programs. Plaintiff asks that the Court to cause Defendants to put an end to these problems and pay monetary compensation to her as well.

ORDER - 1

1  Defendants move for dismissal of Plaintiff's Complaint, or, alternatively, for summary
2  judgment.
3  Plaintiff Hicks has a history since 2002 of making complaints against the tenants in the
4  upstairs apartment regardless of who is living there at any particular time.  (See generally, Moniz
5  Decl.)  At various times the Washington State Patrol's Clark/Skamania Drug Task Force and the
6  Vancouver Police Department have investigated Hicks' drug manufacturing complaints, but found no
7  such evidence.  (Decls. of Moniz, Hess, Luse, and Lockeby.)

## APPLICABLE STANDARD

9  When addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "conclusory allegations,
10 unsupported by the facts alleged, need not be accepted as true."  *See Holden v. Hagopian*, 978 F.2d
11 1115, 1121 (9th Cir. 1992).  A complaint that either lacks a cognizable legal theory or alleges
12 insufficient facts under a cognizable legal theory should be dismissed.  *See Balistreri v. Pacifica*
13 *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).   The plaintiff also has the burden of proving
14 jurisdiction in order to survive a motion challenging jurisdiction under Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

16 Hicks essentially asks the Court to make the landlord put an end to problems that she
17 perceives exist, but which no evidence supports.  The Court can discern no cause of action that gives
18 this Court jurisdiction.  She cites certain federal programs in which she alleges that she participates,
19 but she makes no showing whatsoever that Defendants Kuula or American Property Management,
20 Inc. have engaged in conduct that violates her rights as to these programs.  On the record herein,
21 there is no basis for this court to exercise jurisdiction.
22 Miscellaneous motions of Plaintiff must be dismissed in light of the foregoing, including
23 Plaintiff's regarding the return of the U.S. Marshal Form 299, which has been rendered moot.
24 ACCORDINGLY,
25 IT IS ORDERED:
26 ORDER - 2

1. Defendants' Motion To Dismiss [Dkt. # 32] is GRANTED;

2. Plaintiff's Motion To File Separate Initial Disclosures and Joint Status Reports [Dkt. # 17] is DENIED;

3. Plaintiff's Motion for Permission to Request Documents [Dkt. # 30] is DENIED;

4. Plaintiff's Motion for Order Instructing Defendants To Return USM Form-299 to the U.S. Marshall [Dkt. # 43] is DENIED as MOOT (Defendants' Response [Dkt. # 44.])

DATED August 24, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3